```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARC A. BLACKWELL                 :      CIVIL ACTION
                                  :
         v.                       :
                                  :
THOMAS W. DOLGENOS                :      NO. 13-509
```

### MEMORANDUM

**JOYNER, Ch. J.**                                  **FEBRUARY 27, 2013**

Plaintiff Marc A. Blackwell filed a complaint against Thomas W. Dolgenos alleging that Dolgenos violated his constitutional rights by opposing a motion for declaratory judgment that he filed in federal court. For the following reasons, the Court will grant plaintiff leave to proceed in forma pauperis and dismiss his complaint.

## I.   FACTS[1]

In 1981, plaintiff was convicted of murder and other offenses in the Philadelphia Court of Common Pleas. Since his conviction, he has filed petitions for post-conviction relief in state court, petitions for habeas relief in federal court, and applications with the Third Circuit to file a second or successive habeas petition, without success. See In re Blackwell, 3d Cir. C.A. No. 07-3425; In re Blackwell, 3d Cir. C.A. 06-4835; Blackwell v. Tennis, Civ. A. No. 06-3843 (E.D. Pa.); Blackwell v. Vaughn, Civ. A. No. 96-7336 (E.D. Pa.); Blackwell v. Vaughn, Civ. A. No. 96-6206 (E.D. Pa.); see also CP-

---

[1]The following facts are taken from the complaint and publicly available dockets for cases underlying or related to plaintiff's claims.

1

51-CR-1023391-1980.

In early 2012, plaintiff filed a "petition for writ of habeas corpus" and related documents in state court. He appears to have argued that his imprisonment violates the constitution because of defects in the state court record, including the loss of his judgment of sentence. See Blackwell v. Phila. D.A.'s Office, 12-mc-189 (E.D. Pa.) (Document No. 1-1). Judge Glenn Bronson denied the petition in May 2012. Thereafter, plaintiff filed a "motion for declaratory judgment pursuant to 28 U.S.C. § 2201" in federal court, which was docketed as a miscellaneous action and assigned to Judge Thomas N. O'Neill, Jr. Blackwell v. Phila. D.A.'s Office, 12-mc-189 (E.D. Pa.). In that motion, plaintiff argued that Judge Bronson violated his constitutional rights by denying his petition despite the problems with the state court record. Plaintiff supplemented his motion with a "petition for equitable relief/complete relief in accordance with F.R.C.P. 2, and 54(c)," in which he sought "relief in the form of full Habeas Corpus relief." Id. (Document No. 5, at 4.)

Assistant District Attorney Thomas Dolgenos filed a response to plaintiff's motion on behalf of the Philadelphia District Attorneys' Office and Judge Bronson. Dolgenos argued that the Court lacked subject matter jurisdiction because plaintiff's motion was effectively an unauthorized second or successive habeas petition. Judge O'Neill agreed and dismissed the motion in a December 12, 2012 order. Judge O'Neill subsequently denied plaintiff's motion for reconsideration.

2

Shortly thereafter, plaintiff filed the instant lawsuit against Dolgenos. He appears to be alleging that Dolgenos violated his constitutional rights by opposing his motion for declaratory judgment, thereby depriving him of his ability to establish the illegality of his incarceration. He also appears to be alleging that Dolgenos violated his rights by "offering information not supported by the certified record." (Compl. at 2.) Plaintiff requests damages in the amount of $50,000.00.

**II. STANDARD OF REVIEW**

Plaintiff's motion to proceed in forma pauperis is granted because he has satisfied the requirements set forth in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and is legally baseless if it is premised upon "an indisputably meritless legal theory." Deutsch v. United States, 67 F.3d 1080, 1085 (3d Cir. 1995). Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

3

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). In determining whether a complaint states a claim, the Court may consider matters of public record. Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006).

**III. DISCUSSION**

The Court understands plaintiff to be asserting claims, pursuant to 42 U.S.C. § 1983, that he was denied due process and/or access to the courts based on the fact that Dolgenos successfully opposed his motion for declaratory judgment.[2] However, nothing about those facts states a claim for relief against Dolgenos under § 1983 or any other body of law. Dolgenos was entitled to file a response to plaintiff's motion on behalf of his clients and to rely on public records, which he attached as exhibits.

Furthermore, the public record and the complaint make it abundantly clear that plaintiff was capable of filing, and did in fact file, motions and petitions challenging his imprisonment. Accordingly, plaintiff was not denied due process or access to the courts because he was in no way precluded from presenting his position in court. See Miller v. City of Phila., 174 F.3d 368, 373 (3d Cir. 1999) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a

---

[2]To the extent that plaintiff sought to raise claims pursuant to 18 U.S.C. §§ 241 & 242, his claims are legally baseless because those "are criminal statutes that do not give rise to civil liability." Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006); see also Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007).

4

meaningful manner.")(quotations omitted). That Judge O'Neill ultimately dismissed his case for lack of subject matter jurisdiction does not change that result.[3]

**IV. CONCLUSION**

For the foregoing reasons, plaintiff's complaint will be dismissed. Plaintiff will not be given leave to amend because amendment would be futile, as it is apparent that he is attempting to recover for conduct that is not actionable. See Grayson v. Mayview State Hosp., 293 F.3d 103, 112-13 (3d Cir. 2002). An appropriate order follows.

---

[3]Indeed, if plaintiff disagreed with Judge O'Neill's conclusion, he could have taken an appeal.